UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

PATRICK FRIEDT                              JURY TRIAL DEMANDED

v.                                          CASE NO. 3:05CV

MONOGRAM CREDIT CARD BANK OF GEORGIA

## COMPLAINT

1. This action against defendant seeks actual, statutory and punitive damages, injunctive relief, costs and attorney's fees brought pursuant to the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681 *et seq.*, the Connecticut Creditors' Collection Practices Act, Conn. Gen. Stat. §36a-645, the Connecticut Unfair Trade Practices Act ("CUTPA"), Conn. Gen. Stat. §42-110a *et seq.*, and common law.

2. This Court has jurisdiction. 15 U.S.C. §1681p and 28 U.S.C. §1331 and §1367.

3. Plaintiff is an individual who resides in Connecticut.

4. At all times from and after July, 1987, plaintiff had a JC Penney credit card account ending in 962 8 that he paid currently and maintained in good standing.

5. Defendant Monogram issued and serviced the JC Penney credit card account.

6. In early 2003, defendant began reporting plaintiff's account to credit bureaus as closed and included in bankruptcy.

7. Plaintiff had not closed the account and had not filed bankruptcy.

8. By letter dated July 2, 2003, defendant informed plaintiff that it had sent a request to Experian, Equifax and Trans Union to report the JC Penney account as "open account not included in bankruptcy."

9. Thereafter, defendant's tradeline with Equifax continued to be listed with the notation "included in bankruptcy."

10. In June, 2004, plaintiff disputed the JC Penney tradeline with Equifax as erroneously reporting "included in bankruptcy."

11. Equifax convened plaintiff's dispute to defendant.

12. On or about June 10, 2004, defendant verified to Equifax that its tradeline was reporting correctly.

13. On or about October 11, 2004, defendant's letter to plaintiff confirmed that it had requested Experian, Equifax, Trans Union, and Innovis to update the account as "bankruptcy status cleared."

14. In October 24, 2005, defendant accessed plaintiff's credit report for an account review.

15. On or about October 25, defendant's letter to plaintiff confirmed that it had requested Experian, Equifax, Trans Union, and Innovis to update the account as "bankruptcy status cleared."

16. Plaintiff again conveyed his dispute about the bankruptcy status to Equifax.

17. Equifax conveyed plaintiff's dispute to defendant.

18. On or about Nov. 9, 2004, defendant confirmed to Equifax that the account was not included in bankruptcy.

19. Plaintiff again conveyed his dispute about the JC Penney account status to Equifax.

20. Equifax conveyed plaintiff's dispute to defendant.

21. On or about December 4, 2004, defendant informed Equifax to change the status from bankruptcy to chargeoff.

22. Thereafter, defendant's tradeline on plaintiff's credit file continued to show "included in bankruptcy."

23. A bankruptcy notation on a credit file has adverse consequences to the consumer's ability to obtain credit.

24. A chargeoff notation on a credit file has adverse consequences to the consumer's ability to obtain credit.

25. Upon information and belief, defendant failed or refused to conduct a reasonable investigation of plaintiff's claim that he had not filed bankruptcy, or that the account was not charged off, and to report accurately the results of its investigation.

26. Defendant failed or refused to promptly modify, delete, or block the inaccurate items of information.

27. Upon information and belief, defendant acted willfully within the meaning of the FCRA.

28. This action does not constitute a request or authorization for defendant or its representative to access plaintiff's credit file in existence on or after the date hereof.

29. As a direct and proximate result of defendant's conduct, the plaintiff suffered actual damage including damage to his credit reputation, reduction of his credit score, difficulty in obtaining credit, denial of credit, embarrassment, inconvenience, worry, stress, and anxiety.

WHEREFORE plaintiff respectfully requests this Court to:

1. Award plaintiff such damages as are permitted by law, both compensatory and punitive;

2. Award the plaintiff costs of suit and a reasonable attorney's fee;

3. Award such other and further relief as law or equity may provide, including injunctive relief.

        THE PLAINTIFF

        BY__/Joanne S. Faulkner_____
        JOANNE S. FAULKNER ct04137
           123 Avon Street
           New Haven, CT 06511-2422
           (203) 772-0395
           j.faulkner@snet.net